UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------
DELOVE RACKEEM BENNETT,

       Plaintiff,

   v.

NEW YORK CITY, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
WARDEN/SUPERINTENDENT OF RIKERS
ISLAND, CYNTHIA BRANN, Commissioner, DR.
NICHOLE ADAM FLORES, Deputy
Commissioner, JOHN AND JANE DOE 1–25,
NEW YORK CITY DEPARTMENT OF HEALTH,
BILL DE BLASIO, Mayor of the New York City,

       Defendants.

------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2389 (MKB)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Delove Rackeem Bennett, proceeding *pro se*, commenced the above-captioned action on April 16, 2018, against Defendants New York City, New York City Department of Corrections ("DOC"), the Warden or Superintendent of Rikers Island, DOC Commissioner Cynthia Brann, DOC Deputy Commissioner of Heath Affairs Dr. Nichole Adam Flores, John and Jane Doe 1–25, the New York City Department of Health and Mental Hygiene ("DOHMH"), and Bill de Blasio, Mayor of New York City, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment[1] during his 2009 incarceration at Rikers Island. (Compl., Docket Entry No. 1.) Plaintiff alleges that DOC's failure to provide protective footwear and proper medical care has led to severe medical conditions from which he continues to suffer. (*Id.* at 2–3,

---

  [1] The Court liberally construes the Complaint as alleging Eighth Amendment violations.

6.)[2] For purposes of this Memorandum and Order, the Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (IFP Mot., Docket Entry No. 2.) For the reasons discussed below, the Court directs Plaintiff to replead his claim and show cause within thirty (30) days to explain why this action should not be dismissed as time-barred.

**I. Background**

The Court assumes the truth of the allegations in the Complaint for purposes of this Memorandum and Order. The events giving rise to Plaintiff's claims began on May 27, 2009 and continued through September 30, 2009. (Compl. 5.) On May 28, 2009, Plaintiff was sentenced to a year in custody for weapons possession in the fourth degree and incarcerated at Rikers Island. (*Id.* at 6.) Plaintiff is a "disabled diabetic" and alleges that Defendants were "deliberately indifferent" to his serious medical needs when they assigned him to work in the kitchen "tray room" without protective footwear. (*Id.*) Plaintiff alleges that Defendants' "negligen[ce]"[3] and failure to provide proper medical care "set off years of suffering and incapacitation." (*Id.*) His right foot became "grossly infected," then amputated, and "his blood became poisoned." (*Id.*) As a result, Plaintiff claims that he suffered the following injuries: amputation of his left foot and right leg below his knee, heart surgery, high blood pressure, and "years of suffering with high doses of opiates and sedatives." (*Id.* at 2, 6.) Plaintiff does not specify when his injuries occurred, or what, if any, medical treatment he requested or received

---

[2] Because the Complaint is not consecutively paginated, the Court refers to the page number assigned by the Electronic Case Filing ("ECF") System.

[3] Mere negligence cannot support a section 1983 claim and a state actor's negligent acts do not state a deprivation of constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330–32 (1986) (negligence not actionable under section 1983); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 316 (S.D.N.Y. 2008) ("[c]laims sounding in negligence . . . do not rise to the level of a constitutional deprivation . . . and, thus, cannot form the predicate of a [s]ection 1983 claim") (citations omitted).

while at Rikers Island, or who denied any requests for treatment or provided any treatment. (*See generally id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Claims against the DOC

Plaintiff cannot sue the DOC because it is a state agency. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any

agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (holding that "claims against DOC were correctly dismissed because, as a city agency, it is not a suable entity").

c. **Plaintiff's Complaint appears to be time-barred**

Plaintiff filed this action on April 16, 2018 and challenges conduct that occurred in 2009. Based on the allegations in the Complaint, Plaintiff's action appears to be untimely because the statute of limitation for this section 1983 claim is three years.[4]

Claims brought pursuant to 42 U.S.C. §1983 must be filed within three years of the date on which such claims accrue. *Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). The standard rule is that accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)); *Eagleston*, 41 F.3d at 871 ("[T]he proper focus is on the time of the [wrongful]

---

[4] To determine the statute of limitations for a claim under section 1983, courts apply the "general or residual state statute of limitations for personal injury actions," which in this case is three years from the occurrence of the allegedly unconstitutional conduct. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (alterations and citations omitted).

4

*act*, not the point at which the *consequences* of the act becomes painful." (internal quotation marks omitted) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981))); *Jennings v. Municipality of Suffolk Cty.*, No. 11-CV-00911, 2013 WL 587892, at *4 (E.D.N.Y. Feb. 13, 2013) ("Deliberate indifference claims accrue . . . when the plaintiff knows or has reason to know of the injury." (internal citation and quotation marks omitted)).

However, "the continuing violation doctrine can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs." *Shomo*, 579 F.3d at 182. Nevertheless, "[t]hat the continuing violation doctrine *can* apply . . . does not mean it must." *Id.* "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.'" *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)). The continuing violation doctrine does not apply to "Eighth Amendment claims that challenge discrete acts of unconstitutional conduct or that fail to allege acts within the relevant statutory period that are traceable to a policy of deliberate indifference." *Id.*

Moreover, under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order to prevent inequity. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that "[e]quitable tolling applies only in the 'rare and exceptional circumstance'" (alteration, citation and internal quotation marks omitted)). In order to receive the benefit of equitable tolling, a plaintiff must show that "extraordinary circumstances" prevented him from timely filing the complaint and that he acted with "reasonable diligence through the period [he] seeks to have tolled." *Id.*; *see also Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (holding that equitable tolling applies where the

plaintiff has been "prevented in some extraordinary way from exercising his rights" and plaintiff "pass[ed] with reasonable diligence through the period [he] seeks to have tolled").

Plaintiff's claim appears to be beyond the three-year statute of limitations applicable to his section 1983 claim. Plaintiff alleges that the events giving rise to his claims began on May 27, 2009 and continued through September 30, 2009. (Compl. 5.) Therefore, it appears that Plaintiff's claim based on the failure to provide protective footwear accrued on September 30, 2009 at the latest. *See Shomo*, 579 F.3d at 182 (holding that a deliberate indifference claim based on actions taken in contravention of medical orders were time-barred where conduct took place on September 7, 1999 and the complaint was filed on September 26, 2003). Because Plaintiff did not commence this action until April 16, 2018, his claim appears to be time-barred. *See Wallace*, 549 U.S. at 388. Moreover, Plaintiff has not alleged any facts supporting the application of the continuing violation doctrine because he has not alleged the existence of an ongoing policy of deliberate indifference to his serious medical needs and some non-time-barred acts taken in the furtherance of that policy. *Shomo*, 579 F.3d at 182. Plaintiff also fails to allege facts supporting the application of equitable tolling. *Smith*, 208 F.3d at 17.

### d. Plaintiff's Complaint fails to state a claim of deliberate indifference based on inadequate medical care

To the extent that Plaintiff is attempting to assert a claim of deliberate indifference based on inadequate medical care, he fails to state a claim.

To state a claim based on inadequate medical treatment, a plaintiff must sufficiently allege (1) that he had an objectively "serious medical condition," and (2) that this condition was met with subjective "deliberate indifference" on the part of prison officials. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)). In order to satisfy the objective element, a plaintiff must establish a serious medical condition by showing "that his medical need was 'a condition of

urgency, one that may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Although Plaintiff alleges that he was "denied proper medical care," (Compl. 2), he does not specify when his injuries occurred, what, if any, medical treatment he requested or received while at Rikers Island, or who denied any requests for treatment or provided any treatment, (*see generally id.*). Therefore, Plaintiff has failed to state a claim of deliberate indifference based on a failure to provide medical care. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (holding that deliberate indifference includes a subjective and objective component: "the official must know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists" (internal citations and quotation marks omitted)).

However, in light of Plaintiff's *pro se* status, the Court provides Plaintiff the opportunity to replead his deliberate indifference claim and set forth a basis for the continuing violation doctrine or equitable tolling, or both, should he have such a basis. Accordingly, Plaintiff is directed to show cause within thirty (30) days of the date of this Memorandum and Order why

this action should not be dismissed as time-barred.[5]

**III. Conclusion**

For the reasons discussed above, Plaintiff shall show cause within thirty (30) days of this Memorandum and Order why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to section 1983 claims. All further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to timely comply with this Memorandum and Order, or show good cause why he cannot comply, the action will be dismissed and the Court shall enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 18, 2018
        Brooklyn, New York

---

[5] In addition, a plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016). Plaintiff does not allege the direct or personal involvement of any of the named Defendants. In amending the Complaint, Plaintiff must state allegations against individuals personally involved in the alleged deprivation of his rights. If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him.