UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DELOVE RACKEEM BENNETT,

                Plaintiff,

v.

NEW YORK CITY, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,
WARDEN/SUPERINTENDENT OF RIKERS
ISLAND, CYNTHIA BRANN, Commissioner, DR.
NICHOLE ADAM FLORES, Deputy
Commissioner, JOHN AND JANE DOES 1–25,
NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, and BILL DE
BLASIO, Mayor of New York City,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2389 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Delove Rackeem Bennett, proceeding *pro se*, commenced the above-captioned action on April 16, 2018, against Defendants New York City, New York City Department of Corrections ("DOC"), the Warden or Superintendent of Rikers Island, DOC Commissioner Cynthia Brann, DOC Deputy Commissioner of Heath Affairs Dr. Nichole Adam Flores, John and Jane Does 1–25, the New York City Department of Health and Mental Hygiene ("DOHMH"), and Bill de Blasio, Mayor of New York City, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment[1] during his 2009 incarceration at Rikers Island. (Compl., Docket Entry No. 1.) Plaintiff alleges that the DOC's failure to provide protective

---

[1] The Court liberally construes Plaintiff's allegations as alleging Eighth Amendment violations.

footwear and proper medical care has led to severe medical conditions from which he continues to suffer. (*Id.* at 2–3, 6.)[2] The Court has provided Plaintiff with two opportunities to replead his claim and to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to section 1983 claims. For the reasons set forth below, the Court grants Plaintiff one final opportunity to replead his claim and show cause within thirty (30) days of this Memorandum and Order to explain why this action should not be dismissed as time-barred.

## I. Background

The Court assumes the truth of the allegations in the Complaint for purposes of this Memorandum and Order. The events giving rise to Plaintiff's claims began on May 27, 2009 and continued through September 30, 2009. (Compl. 5.) On May 28, 2009, Plaintiff was sentenced to a year in custody at Rikers Island for "weapons posession in the fourth degree." (*Id.* at 6.) Plaintiff is a "disabled diabetic" and alleges that Defendants were "deliberately indifferent" to his serious medical needs when they assigned him to work in the kitchen "tray room" without protective footwear. (*Id.*) Plaintiff alleges that Defendants' "negligen[ce]"[3] and failure to provide proper medical care "set off years of suffering and incapacitation." (*Id.*) Plaintiff states that his right foot became "grossly infected," and was then amputated, and "his blood became poisoned." (*Id.*) As a result, Plaintiff claims that he suffered the following

---

[2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

[3] Mere negligence cannot support a section 1983 claim and a state actor's negligent acts do not state a deprivation of constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330–32 (1986) (stating that negligence is not actionable under section 1983); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 316 (S.D.N.Y. 2008) ("Claims sounding in negligence . . . do not rise to the level of a constitutional deprivation . . . and, thus, cannot form the predicate of a [s]ection 1983 claim." (citations omitted)).

injuries: amputation of his left foot and right leg below his knee, heart surgery, high blood pressure, and "years of suffering with high doses of opiates and sedatives." (*Id.* at 6.) Plaintiff does not specify when his injuries occurred, or what, if any, medical treatment he requested or received while at Rikers Island, and does not specify who provided or denied any requests for treatment. (*See generally id.*)

By Memorandum and Order dated June 18, 2018 (the "June 2018 Order"), the Court directed Plaintiff to replead his claim and show cause within thirty days why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to section 1983 claims. (June 2018 Order, Docket Entry No. 5.) The June 2018 Order stated that "[i]f Plaintiff fails to timely comply with this Memorandum and Order, or show good cause why he cannot comply, the action will be dismissed and the Court shall enter judgment." (*Id.* at 8.) Plaintiff did not file an amended complaint. On August 8, 2018, Plaintiff filed a "Request for Expert(s)" in which he sought "a licensed medical Psychologist, Medical Doctor and an Attorney who could better express [Plaintiff's] physical and mental incapacity and disability so that this Court can understand why [P]laintiff has been incapable of timely submitting this [C]omplaint." (Request for Expert(s) 1, Docket Entry No. 7.) On September 27, 2018, Plaintiff filed a Letter requesting counsel and a medical expert "so that the violations that happened to this [P]laintiff can intelligently be presented to this Court" ("Plaintiff's Letter"). (Pl. Letter dated Sept. 27, 2018 2, Docket Entry No. 8.)

By order dated October 29, 2018 (the "October 2018 Order"), the Court denied Plaintiff's applications and granted him an additional thirty days to file an amended complaint. (October 2018 Order, Docket Entry No. 9). The October 2018 Order stated that "[i]f Plaintiff fails to timely file an amended complaint, the Court will enter judgment dismissing this action for the

reasons set for in the June 2018 Order." (*Id.* at 3.) On November 30, 2018, Plaintiff filed a letter to the Court captioned "First Amended Complaint" requesting the appointment of counsel or a medical expert "so that [the Court] could better understand [his] [C]omplaint and adjudicate accordingly." (Am. Compl. 2, Docket Entry No. 10.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's Amended Complaint does not cure the deficiencies identified in the June 2018 Order and appears to be time-barred

Claims brought pursuant to 42 U.S.C. § 1983 must be filed within three years of the date on which such claims accrue. *Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). A claim accrues when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A [s]ection 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal quotation marks and citation omitted)).

However, "the continuing violation doctrine can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs." *Shomo*, 579 F.3d at 182. "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.'" *Id.* (alteration in original) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

A court may also toll the statute of limitations pursuant to the doctrine of equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). In order to receive the benefit of equitable tolling, a plaintiff must show that "extraordinary circumstances" prevented him from timely filing the complaint and that he acted with "reasonable diligence through the period he seeks to have tolled." *Id.*; *see also Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (holding that equitable tolling applies where the plaintiff has been "prevented in some

extraordinary way from exercising his rights" and plaintiff "pass[ed] with reasonable diligence through the period [he] seeks to have tolled").

Plaintiff's claims appear to be barred by the three-year statute of limitations because he alleges that the events giving rise to his claims began on May 27, 2009 and continued through September 30, 2009. (Compl. 5.) Plaintiff filed this action more than eight years after the events giving rise to his claims. (Compl.) To sustain a claim, Plaintiff must therefore allege facts supporting application of the continuing violation doctrine or equitable tolling.

Plaintiff has not alleged any facts supporting the application of the continuing violation doctrine because he has not alleged the existence of an ongoing policy of deliberate indifference to his serious medical needs and some non-time-barred acts taken in furtherance of that policy. *Shomo*, 579 F.3d at 182. The Request for Expert(s) references "1,000 plus pages and discs" of medical records, and Plaintiff's Letter references a series of operations and a history of the use of pain medication "through January 2018." (Requests for Experts 1; Pl. Letter dated Sept. 27, 2018 1.) However, neither filing makes reference to the existence of an ongoing policy of deliberate indifference or any specific events occurring during the non-time barred period, which likely ended in 2012.

Plaintiff also fails to allege facts supporting the application of equitable tolling; he does not allege that "extraordinary circumstances" prevented him from timely filing a complaint and that he acted with "reasonable diligence through the period he seeks to have tolled." *Smith*, 208 F.3d at 17. To the extent that Plaintiff is seeking to suggest that his medical condition prevented him from timely filing a complaint, Plaintiff must so state in his second amended complaint and refer to any supporting documents. Plaintiff should also attach any supporting documents to the second amended complaint.

### c. The Amended Complaint fails to state a claim of deliberate indifference based on inadequate medical care

As set forth in the June 2018 Order, to the extent that Plaintiff is attempting to assert a claim of deliberate indifference based on inadequate medical care, he fails to state a claim.

To state a claim based on inadequate medical treatment, a plaintiff must sufficiently allege (1) that he had an objectively "serious medical condition," and (2) that this condition was met with "deliberate indifference" on the part of prison officials. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000).

Plaintiff's Amended Complaint alleges that he had "at least [six] major operations including lower extremities being cut off due to infections cause[d] directly by [D]efendants," but he does not specify when his injuries occurred, what, if any, medical treatment he requested or received while at Rikers Island, or who denied any requests for treatment or provided any treatment, (Am. Compl. 1). Therefore, Plaintiff has failed to state a claim of deliberate indifference based on a failure to provide medical care. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (holding that deliberate indifference includes a subjective and objective component: "the official must know[] of and disregard[] an excessive risk to inmate health or safety" and "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists" (citation omitted) (alterations in original)).

### d. Personal involvement

A plaintiff must demonstrate each defendant's personal involvement in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016). Plaintiff does not allege the personal involvement of any of the named Defendants. In amending the complaint, Plaintiff must state allegations against

individuals personally involved in the alleged deprivation of his rights. If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him.

    e.   **Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff's second amended complaint should replead his deliberate indifference claim and set forth a basis to toll the statute of limitations either through the continuing violation doctrine or the doctrine of equitable tolling, or both. He must also name proper defendants who were personally involved in the incidents alleged in the second amended complaint.

Plaintiff must include any and all allegations that he wishes to pursue in his second amended complaint, as it will completely replace the original Complaint and the Amended Complaint. The second amended complaint should be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum and Order. The Clerk of Court is respectfully requested to provide to Plaintiff a "Complaint for Violation of Civil Rights (Prisoner)" form.

### III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Amended Complaint and grants Plaintiff one final opportunity to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order. If Plaintiff fails to submit a second amended complaint within thirty (30) days as directed by this Memorandum and Order, the Court will enter judgment dismissing this action for the reasons set forth in the June 2018 Order. All further proceedings shall be stayed for thirty days for Plaintiff to comply with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: February 26, 2019
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge